DONALD J. QUERIO (State Bar No. 54367)
Email:  djq@severson.com
M. ELIZABETH HOLT (State Bar No. 263206)
Email:  meh@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HEATHER KIRSCHEN RIPPERE,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C 10-03532 MEJ<br><br>**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6); OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)**<br><br>Hearing Date: October 14, 2010<br>Time:         10:00 a.m.<br>Courtroom:  B, 15th Floor<br>Judge:         The Hon. Maria-Elena James<br><br>Complaint Date: August 11, 2010<br>Trial Date:        None Set |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on **October 14, 2010, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, in Courtroom B, 15th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, before The Honorable Maria-Elena James, defendant Wells Fargo Bank, N.A. ("Wells Fargo") will, and hereby does, move to dismiss the "original petition" filed by plaintiff Heather Kirschen Rippere, pursuant to Federal Rule of Civil Procedure 12(b)(6). The "petition" fails to assert a claim upon which relief may be granted, as further explained in the accompanying memorandum of points and authorities.

In the alternative, Wells Fargo will, and hereby does, move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rippere's "petition" is so vague and ambiguous that Wells Fargo cannot reasonably prepare a meaningful response, as further explained in the accompanying memorandum of points and authorities.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the accompanying request for judicial notice, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion. Wells Fargo respectfully requests an order dismissing the "original petition" in its entirety, or in the alternative, requiring Rippere to file a more definite statement.

DATED: September 2, 2010

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ M. Elizabeth Holt_____
M. Elizabeth Holt

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................6

II. FACTUAL AND PROCEDURAL HISTORY............................................................7

III. LEGAL STANDARD ....................................................................................................8

IV. RIPPERE'S NEGLIGENCE CLAIM IS TIME-BARRED, IS NOT SUBJECT TO EQUITABLE TOLLING, AND INCLUDES NO RELEVANT FACTS...................................................................................................9

V. RIPPERE'S TILA CLAIM IS TIME-BARRED, INDEFINITE, AND DEVOID OF ANY MEANINGFUL FACTUAL BASIS......................................10

VI. THE REMAINDER OF THE COMPLAINT SHOULD BE DISREGARDED AND DISMISSED OUTRIGHT, OR IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT. ..................................................................................................................11

VII. CONCLUSION ............................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) .................................................................................................9, 12

*Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*,
 459 U.S. 519 (1983) ............................................................................................................9

*Falcocchia v. Saxon Mortgage, Inc.*,
 No. Civ. S-09-2700 LKK/GGH, __ F.Supp.2d __, 2010 WL 2179957, at *4 (E.D. Cal. May 27, 2010).................................................................................................................11

*Galbraith v. County of Santa Clara*,
 307 F.3d 1119 (9th Cir. 2002) ..........................................................................................12

*Garcia v. GMAC Mortgage, LLC*,
 No. 09-CV-0295-PHX-GMS, 2009 WL 891007 (D. Ariz. March 31, 2009)..........................12

*Hubbard v. Fidelity Fed. Bank*,
 91 F.3d 75 (9th Cir. 1996) ................................................................................................11

*In re Gilead Sci. Sec. Litig.*,
 536 F.3d 1049 (9th Cir. 2008) ............................................................................................9

*Johnson v. Riverside Healthcare Sys.*,
 534 F.3d 1116 (9th Cir. 2008) ............................................................................................9

*King v. California*,
 784 F.2d 910 (9th Cir. 1986) ............................................................................................11

*Marceau v. Blackfeet Hous. Auth.*,
 540 F.3d 916 (9th Cir. 2008) ..............................................................................................9

*McDonald v. Antelope Valley Cmty. College Dist.*,
 45 Cal. 4th 88 (2008)........................................................................................................10

*Mendoza v. City of Los Angeles*,
 66 Cal.App.4th 1333 (1998).............................................................................................10

*Meyer v. Ameriquest Mortgage Co.*,
 342 F.3d 899 (9th Cir. 2003) ............................................................................................11

*Miguel v. Country Funding Corp.*,
 309 F.3d 1161 (9th Cir. 2002) ..........................................................................................11

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) ..............................................................................................9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................................................................9

*Stewart v. Mortgage Elec. Registration Sys., Inc.*,
  No. CV. 09-688-PK, 2010 WL 1054384 (D. Or. Feb. 18, 2010) ..........................................11

*Vignolo v. Miller*,
  120 F.3d 1075 (9th Cir. 1999) ................................................................................................9

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ................................................................................................9

**STATUTES**

15 U.S.C. § 1635(f) ....................................................................................................................11

15 U.S.C. § 1640(e) ....................................................................................................................11

Cal. Code Civ. P. § 339(1) ..........................................................................................................10

Deceptive Practices Act, 15 U.S.C. § 45 *et seq.*..........................................................................7

Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*..............................................7

Truth in Lending Act............................................................................................... 10, 11, 12, 13

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") ....................................................7, 10

**OTHER AUTHORITIES**

12 C.F.R. § 226.23 ......................................................................................................................11

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 7, 9, 11, 13

Federal Rule of Civil Procedure 12(e) ............................................................................. 7, 12, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this motion to dismiss the "original petition" filed in this Court by plaintiff Heather Kirschen Rippere on August 11, 2010. Because Rippere's "petition" fails to state any cause of action on which relief may be granted, it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Wells Fargo moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The "petition" is so vague and ambiguous that Wells Fargo cannot reasonably prepare a meaningful response.

The defects of the "original petition" (hereinafter referred to as the "complaint") are numerous. It suffers from a severe lack of organization, but among its chaotic allegations at least two formal claims for relief emerge: negligence and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Both of these claims, however, are irrevocably barred by their applicable statutes of limitations, and furthermore the complaint alleges no factual basis for the application of any equitable tolling principles. Thus, even when the facts are viewed in the light most favorable to Rippere, and all reasonable inferences are drawn in her favor, she cannot state a claim on either of these grounds.

In addition to these two claims, which are at least labeled "causes of action," the complaint also contains scattered references to numerous other laws and statutes, including, among others: the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; criminal connivance/conspiracy/theft (which can perhaps be construed as some kind of civil conspiracy claim); fraud and various related torts sounding in fraud; declaratory relief; the Deceptive Practices Act, 15 U.S.C. § 45 *et seq.*; unjust enrichment; breach of the implied covenant of good faith and fair dealing; and intentional infliction of emotional distress. Wells Fargo is unable to determine which (if any) of these is intended as an actual claim for relief, and accordingly requests that the Court either disregard these portions of the complaint or, at a minimum, order Rippere to produce a more definite statement of her claims.

## II. FACTUAL AND PROCEDURAL HISTORY

The complaint alleges almost no relevant facts other than Rippere's address, which is 9933 Nestling Circle, Elk Grove, California 95757.[1] *See* Complaint at 1.[2]

Nonetheless, documents in the public record, of which this Court may take judicial notice at the pleading stage, suggest the following. Rippere borrowed $325,000 from Wells Fargo on August 31, 2005. *See* Deed of Trust, *attached as* Exhibit A to Wells Fargo's Request for Judicial Notice ("RJN"), at 2. Her mortgage loan was secured by a Deed of Trust on property located at the Nestling Circle address (hereinafter, the "subject property").

Rippere evidently did not keep up with her mortgage payments on the subject property, and a Notice of Default was recorded on January 20, 2010. Notice of Default, *attached as* Exhibit B to RJN. When she failed to cure her default, a Notice of Trustee's Sale was recorded on April 21, 2010, and a foreclosure sale was scheduled for May 11, 2010. Notice of Trustee's Sale, *attached as* Exhibit C to RJN. The application for temporary restraining order which Rippere attached to her complaint claims the foreclosure sale was eventually pushed out to August 6, 2010. *See* Petition for Restraining Order at 3 (Docket Entry [1] at 37). As of September 2, 2010, the date of this motion, no deed of sale has been recorded.

Rippere filed her complaint, along with an application for a temporary restraining order and accompanying documents,[3] in this Court on August 11, 2010. She also filed a proof of service on Wells Fargo, dated August 12, 2010.[4]

---

[1] In fact, even this much is unclear. Rippere's allegations pertain to the Nestling Circle property, and she alleges it is "a primary residence." Complaint at 1. The complaint's caption, however, lists an entirely different mailing address for Rippere: 941 Shorepoint Court F333, Alameda, California 94501.

[2] Note that the complaint lacks consecutive pagination. Accordingly, whenever this motion refers to a page in the complaint, it will refer to the page number which the Court's ECF system has assigned, as opposed to the number listed at the bottom of each page.

[3] Wells Fargo is concurrently filing a separate opposition to Rippere's TRO application.

[4] Wells Fargo does not, however, concede that it was properly served with the summons and complaint.

- 7 -

07685/0000/840974.1

MOTION TO DISMISS
Case No. C 10-03532 MEJ

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true, and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

The process of "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S. Ct. at 1940. As a result, courts do not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**IV. RIPPERE'S NEGLIGENCE CLAIM IS TIME-BARRED, IS NOT SUBJECT TO EQUITABLE TOLLING, AND INCLUDES NO RELEVANT FACTS.**

One of the claims for relief that can be gleaned from Rippere's confusing complaint is "negligence/negligence per se." *See* Complaint at 24. The accompanying factual allegations appear to be referring to actions which Wells Fargo allegedly failed to take during Rippere's loan origination process.

As the public record indisputably shows, Rippere took out her loan on August 31, 2005. *See* Deed of Trust at 1. It can thus be inferred that the loan origination process took place in early to mid-2005. California's statute of limitations for negligence, however, is only two years. Cal. Code Civ. P. § 339(1) (setting forth the two-year limitations period for negligence claims). In order to meet this deadline, Rippere would have had to file her complaint, at the very latest, by August 31, 2007. The instant complaint (dated August 11, 2010) is nearly three years too late.

Moreover, under California law, equitable tolling of the statute of limitations is appropriate only if the plaintiff pleads the following three elements in his or her complaint: "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Cmty. College Dist.*, 45 Cal. 4th 88, 102 (2008). Here, Rippere pleads no facts whatsoever that would support the existence of any of these elements. Therefore, there is no basis for the application of California's doctrine of equitable tolling to her negligence claim.

Finally, even if the Court did choose to toll the statute, Rippere's negligence claim must also fail on its merits. "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998). In this case, Rippere fails to allege specifically the presence of any of these elements.

As a result, the Court should dismiss this claim outright. Any dismissal should be without leave to amend; because the claim is time-barred, there is no set of facts on which Rippere could prevail.

- 9 -

**V. RIPPERE'S TILA CLAIM IS TIME-BARRED, INDEFINITE, AND DEVOID OF ANY MEANINGFUL FACTUAL BASIS.**

Rippere's complaint also lists TILA, 15 U.S.C. § 1601, *et seq*., as a cause of action. Even viewing the complaint's allegations in the light most favorable to Rippere, however, it is apparent that whatever TILA claims she is trying to state against Wells Fargo, arise—like her negligence claims—solely from events that occurred during the origination phase of the loan. *E.g.*, Complaint at 24 (complaining that Wells Fargo violated unspecified sections of TILA because it did not "provide proper disclosures concerning the terms and conditions of the loans [it] marketed").

Courts in this Circuit have interpreted TILA as giving rise to remedies of both rescission and damages. *E.g.*, *Stewart v. Mortgage Elec. Registration Sys., Inc.*, No. CV. 09-688-PK, 2010 WL 1054384, at *7 (D. Or. Feb. 18, 2010).

A plaintiff seeking a damage remedy must bring her action within one year from the alleged violation. 15 U.S.C. § 1640(e)); *see also King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). The violation occurs—and the one-year limitations period accrues—upon consummation of the loan.[5] *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

In contrast, TILA claims seeking the remedy of rescission have a three-year limitations period. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23. The Ninth Circuit has interpreted § 1635(f) as not merely a statute of limitations, but also a statute of repose, which acts to "deprive[e] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Falcocchia v. Saxon Mortgage, Inc.*, No. Civ. S-09-2700 LKK/GGH, __ F.Supp.2d __, 2010 WL

---

[5] The Ninth Circuit, moreover, has squarely rejected the argument that TILA's one-year statute of limitations should be tolled until a borrower discovers alleged errors in her lender's initial disclosures. *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (refusing to toll the statute on these grounds because "nothing prevented [the plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

2179957, at *4 (E.D. Cal. May 27, 2010) (explaining that the three-year period constitutes "a jurisdictional statute of repose to which neither tolling nor estoppel could apply").

Here, Rippere's loan was consummated on August 31, 2005, considerably more than either one or three years before she filed this suit on August 11, 2010. Hence, her TILA claim is wholly time-barred. This Court should dismiss it without leave to amend, pursuant to Rule 12(b)(6).

Moreover, in the event that the Court finds that TILA's statutes of limitations do not apply to this claim, Wells Fargo requests, in the alternative, that Rippere be required to file a more definite statement in accordance with Federal Rule of Civil Procedure 12(e). TILA is a very lengthy statute, pursuant to which many complex claims may be made. Wells Fargo cannot reasonably be expected to prepare a meaningful response to a complaint which simply alleges a "TILA violation" without reference to any section or subsection of the statute, and without any supporting facts that would suggest which portion of TILA is relevant. *See, e.g.*, *Garcia v. GMAC Mortgage, LLC*, No. 09-CV-0295-PHX-GMS, 2009 WL 891007, at *2 (D. Ariz. March 31, 2009) (ordering plaintiffs to present a more definite statement of their TILA claim(s) which "present[s] all factual and legal allegations in short, plain statements with each claim for relief identified in separate numbered paragraphs and sections, each limited as far as practicable to a single set of circumstances").

## VI. THE REMAINDER OF THE COMPLAINT SHOULD BE DISREGARDED AND DISMISSED OUTRIGHT, OR IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT.

In a word, this complaint is a disaster. It contains innumerable vague references to all kinds of state and federal laws, most of which are entirely incoherent. The few claims it does manage to state with any particularity, are completely devoid of factual support and utterly fails to meet the pleading standards of *Iqbal*. *See* 129 S. Ct. 1937, 1949-50. Consequently, the Court should dismiss this entire case outright.

In the alternative, at the very least, the Court should compel Rippere to make a more definite statement of her claims. Rule 12(e) provides, in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so

- 11 -

1 vague or ambiguous that the party cannot reasonably prepare a response." It also provides that,
2 should the non-moving party fail to provide this statement in a timely fashion, "the court may
3 strike the pleading or issue any other appropriate order."

4     Motions for more definite statements are encouraged as tools to weed out meritless claims
5 and clarify insufficient complaints. *See, e.g.*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119,
6 1125 (9th Cir. 2002) (referring to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and noting
7 that the Supreme Court of the United States stressed the availability of a motion for more definite
8 statement as a tool to weed out meritless claims).

9     Here, as noted above, the only two headings in the complaint which are specifically
10 labeled "causes of action" allege negligence and TILA violations. Even liberally construing the
11 complaint, it is difficult, if not impossible, to make sense of these claims. Moreover, the
12 complaint contains innumerable other references to federal and state law, all of which is discussed
13 in an extremely vague, conclusory, and scattershot manner. Wells Fargo cannot be reasonably
14 expected to come up with a meaningful response to this mess.

15     Therefore, to the extent the Court declines to dismiss the complaint outright under Rule
16 12(b)(6), it should at least require a more definite statement under Rule 12(e).

## VII.  CONCLUSION

18     For the reasons stated above, Wells Fargo respectfully requests dismissal of this complaint
19 in full, without leave to amend. Should the Court deny this motion, Wells Fargo requests that in
20 the alternative, the Court grant its motion for a more definite statement.

DATED:  September 2, 2010                      Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By:    */s/ M. Elizabeth Holt*
        M. Elizabeth Holt

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6); OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)**

on all interested parties in said case addressed as follows:

Heather Kirschen Rippere   *Plaintiff in Pro Per*
941 Shorepoint Court F333
Alameda, CA 94501

Heather Kirschen Rippere
9933 Nestling Circle
Elk Grove, CA 95757

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in San Francisco, California, on September 2, 2010.

/s/Isabel Kunst
Isabel Kunst

- 13 -

07685/0000/840974.1

MOTION TO DISMISS
Case No. C 10-03532 MEJ