IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KIRSCHEN RIPPERE,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>                                                               / | No. C 10-03532 WHA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF REQUEST FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION TO DISQUALIFY DEFENSE COUNSEL** |

This action concerns a loan between the parties and an impending foreclosure sale. On August 11, plaintiff filed a memorandum in support of a request for a temporary restraining order, in which she stated:

> The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as **defendant has scheduled the above referenced sale for August 6, 2010**.

The bolded print was placed by plaintiff in her own pleading. Based upon the fact that plaintiff herself represented the sale had already occurred, the request for a temporary restraining order was denied without reaching the merits. Plaintiff has responded by asking for reconsideration and to disqualify defense counsel, and accuses defense counsel of having misled the Court into believing the sale would occur on August 6. Contrary to plaintiff, the Judge did not rely upon any information offered by defense counsel in denying the request for a temporary restraining order. Instead, as quoted above the Judge relied on information provided by plaintiff herself. It is unfair

for plaintiff to now argue that defense counsel misled the Judge, when plaintiff herself provided the August 6 foreclosure date. This causes the Court to have grave concerns about other information in plaintiff's pleadings.

Even if the sale is to go forward on September 20, nothing under oath demonstrates that the property in question is plaintiff's home. In fact it appears from the pleadings that she resides at: 941 Shorepoint Ct. F333, Alameda, CA 94501. This is not entirely clear, but the burden is on plaintiff to provide information under oath that will create a record in this action. She has provided nothing under oath.

Plaintiff has the burden to show a colorable legal theory. It is impossible to glean from the statements made by plaintiff what her legal theory would be. The Court is not necessarily accepting defendant's theory of the case in its motion to dismiss. The Court is merely deciding the motion for reconsideration of the request for a temporary restraining order and the motion to disqualify defense counsel. Plaintiff has not provided minimal information to make out a colorable claim for relief.

Therefore, the motion for reconsideration of the request for a temporary restraining order is **DENIED**. Defendant is admonished, however, that if it goes forward with the sale on September 20, it does so at its own risk and this order in no way blesses the proposed sale. Plaintiff's motion to disqualify defense counsel, which is based wholly on the accusation that defense counsel misled the Court into believing the sale would occur on August 6, is also **DENIED**.

Finally, plaintiff should be aware that there is free legal assistance available to litigants without lawyers in federal court. This service — called the Legal Help Center — is available to anyone who is representing him or herself in a civil lawsuit (or is considering filing a civil lawsuit) in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California.

The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796. Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center. A litigant may schedule an

appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-9000 x8657.

The Court notes that it has no way to communicate with plaintiff quickly, because she has not provided a phone number or an e-mail address. She is ordered to provide either a phone number or an e-mail address (or both), by calling Dawn Toland, deputy clerk, at 415-522-2020. This order will be served on plaintiff by mail.

**IT IS SO ORDERED.**

Dated: September 15, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE