United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KIRSCHEN RIPPERE,<br><br>   Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant.<br>_____/ | No. C 10-03532 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS; AND VACATING HEARING** |

**INTRODUCTION**

This action, which plaintiff is prosecuting *pro se*, arises out of alleged fraud in a real estate transaction. Defendant Wells Fargo Bank, N.A., moves to dismiss or in the alternative for a more definite statement. For the following reasons, defendant's motion for a more definite statement is **GRANTED**.

**STATEMENT**

Plaintiff alleges that she entered into a consumer contract for the refinance of her primary residence (Compl. 1). Plaintiff further asserts that "*defendants*, acting in concert and collusion with others [unnamed in the complaint], induced [her] to enter into a predatory loan agreement with *[d]efendant*" (*ibid.*) (emphasis added). Additionally, the complaint states that "defendants" committed numerous acts of fraud in furtherance of "a carefully crafted scheme intended to defraud" her (*ibid.*). Plaintiff also alleges that she was charged false fees at an unspecified settlement proceeding (*ibid.*). The rest of plaintiff's complaint discusses the mortgage crisis, the

practices of banks in issuing predatory loans, and the general state of the real estate industry. It also attempts to set out various legal claims.

In addition to an opposition to defendant's motion, plaintiff filed a motion to sanction defense counsel (Dkt. No. 17). Plaintiff argues that sanctions are warranted because defense counsel "fil[ed] Defendants [sic] Answer in violation of Federal Rule of Civil Procedure 11(b)" (*id.* at 9). Defendant has not yet filed an answer to the complaint.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(e) "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Requiring a more definite statement is proper only where the complaint is so ambiguous that the defendant cannot ascertain the nature of the claim or claims being asserted. In such cases, the defendant cannot reasonably be expected to frame a response. *See Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

Here, the nature of plaintiff's claims cannot be ascertained from her complaint. Plaintiff refers to both *defendant* and *defendants*, though only one party is a named defendant to this action. The complaint makes continuous reference to multiple unspecified parties that have allegedly engaged in conspiracies and caused unspecified harm. But it is unclear who is being referred to and what acts were allegedly committed. The complaint is also ambiguous as to the specific legal claims being asserted.

Defendant's motion for a more definite statement is therefore **GRANTED**. As stated previously, plaintiff is encouraged to seek assistance from the Legal Help Center in amending her complaint (*see* Dkt. No. 20).

Furthermore, plaintiff's motion for sanctions is **DENIED**. The motion does not comply with the "safe harbor" requirement of Federal Rule of Civil Procedure 11 or with Civil Local Rule 7-8.

**CONCLUSION**

The hearing on defendant's motion scheduled for October 14, 2010, is **VACATED**. Plaintiff has 14 calendar days from the date of this order to amend her complaint.

**IT IS SO ORDERED.**

Dated: October 7, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE