IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KIRSCHEN RIPPERE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　/ | No. C 10-03532 WHA<br><br><br>**ORDER OF DISMISSAL** |

　　　　For the following reasons, this case is **DISMISSED**.

　　　　*First*, plaintiff Heather Rippere has failed to prosecute this action. She did not oppose defendant's motion to dismiss by the opposition deadline and still has not done so. And she did not appear at a joint motion hearing, case management conference, and order to show cause hearing, all three of which occurred on December 16, 2010, at 8:00 a.m. She was notified several times that she should appear at that time.

　　　　To recap, defendant filed a motion to dismiss and noticed the hearing on the motion for December 16. Meanwhile, a case management conference was scheduled for November 18. Plaintiff filed a notice that she was going to be unavailable for the case management conference because she had to leave town due to a dire family emergency. The notice indicated that she would be available again after December 15. Accordingly, and because the hearing on defendant's motion was already scheduled for December 16 at 8:00 a.m., the case management conference was continued to the same time as the motion hearing.

Plaintiff then failed to file an opposition or statement of nonopposition to defendant's motion by the deadline of November 29, 2010. She was ordered to show cause why her case should not be dismissed for lack of prosecution because of this failure. She was granted leave to file a statement showing cause why her case should not be dismissed, but she did not file a statement. She was also ordered to appear on December 16 at 8:00 a.m., for the purpose of showing cause. The order to show cause warned: "If plaintiff Rippere does not appear, her case will be dismissed due to lack of prosecution." She did not appear.

*Second*, a dismissal is warranted on the merits, as this order is in general agreement with the reasons stated in defendant's motion to dismiss.

In one last effort to accommodate plaintiff, she will be given **FOURTEEN CALENDAR DAYS** (but no more) from the date of this order to file a motion for leave to file a second amended complaint. She must append to that motion a viable proposed complaint. She must notice the motion for a hearing on the normal 35-day track. The motion should clearly explain how the amendments to the complaint address the problems with plaintiff's first amended complaint. If no motion is filed by the deadline, judgment will be entered in favor of defendant and against plaintiff.

**IT IS SO ORDERED.**

Dated: December 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE